THE STATE, FREDERICKS, PROSECUTOR, v. HOFFMEISTER ET AL. .

Submitted July 12, 1898—Decided November 7, 1898.

1. The act of March 13th, 1893 (section 1), which provides that nothing in the act conferring jurisdiction on the surveyors of the highway to lay out roads shall extend to pulling down or removing any dwelling-house theretofore erected which may encroach upon the highway, is a limitation upon the jurisdiction of the surveyors, and any laying out and return within the prohibition is *ultra vires.*

2. The fact that the owner of the house which encroaches on the location of the highway, is an applicant for the highway, does not validate the location where the application in nowise indicated that the house would be taken.

3. The objection that the road cannot be opened as laid out without taking part of a dwelling-house, being an objection affecting the jurisdiction of the surveyors, may, on *certiorari*, be taken by persons interested in the laying out of the road, although the owner of the dwelling-house did not unite in the prosecution of the writ.

---

On *certiorari.*

This writ brings up the proceedings for vacating Franklin avenue, including the return of surveyors relaying a new road to be known as Franklin avenue.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *William W. Watson.*

For the defendants, *Robert I. Hopper.*

The opinion of the court was delivered by

DEPUE, J. The line of the road as laid out by the surveyors, according to their return and map, will run through the dwelling-house of Katie H. Knapp and cut off about six feet of her dwelling-house. The fact that Mrs. Knapp's building is within the lines of the street is shown by the map annexed to the surveyor's return and is not disputed.

The surveyors of the highways are township officers, who are vested with a special statutory jurisdiction in laying out and altering roads. Section 1 of the original act (amended by the act of March 23d, 1885), together with sections 5 and 6 of the Road act, confers jurisdiction. *Gen. Stat., pp.* 2803, 2828, 2804. Section 1 of the act of March 13th, 1890, is by amendment made part of the original act, and it provides that nothing in the act shall be construed to extend to narrowing, widening or altering any street in any of the cities, towns or villages in this state, or to pulling down or removing any dwelling-house, market-house or other public building theretofore erected which may encroach upon the highway. This last statutory provision extends to the whole act, and forbids the surveyors of highways to lay a road within the prohibition of that section. *State* v. *Hale,* 1 *Dutcher* 324. It therefore is a limitation upon the jurisdiction of surveyors of the highways, and any laying out and return within the prohibition is *ultra vires.* Proceedings in violation of the last-mentioned section are, as was said by Mr. Justice Garrison, "hopelessly defective." *Mowbray* v. *Allen,* 29 *Vroom* 315.

The answer offered to this objection is twofold—first, that Mrs. Knapp was one of the applicants for the road. The application in nowise indicated that part of her dwelling-house would be taken for the road. As an applicant for the laying

out of a road she would be debarred of the right to have damages assessed for the laying of the road, which the surveyors had authority to lay out, pursuant to *Gen. Stat., p.* 2809, § 13; but she would not be concluded from having compensation for her dwelling-house, if it was taken, by uniting in the application for the road, which in the regular course of proceeding should have been laid by the surveyors so as not to reach her dwelling.

Another contention on the part of the defendants is that Mrs. Knapp is not a prosecutor of this writ. The objection, being one affecting jurisdiction, may be taken by persons interested in the laying out of the road, although Mrs. Knapp did not unite in the prosecution of the writ; for the road cannot be opened as laid out without taking part of her dwelling-house, and the laying out by the surveyors to that extent is inefficacious. The section of the act referred to prohibits the pulling down or removal of any dwelling-house by virtue of the provisions of the Road act, and makes it unlawful to lay a road through such dwelling-house, as the road could not be opened or used. *State, Rogers ,v. Troth,* 7 *Vroom* 422.

For this reason, without considering the other reasons, the return of the surveyors should be set aside.